AO 91 (Rev.5/85) - Criminal Complaint

# United States District Court

NORTHERN _____ DISTRICT OF _____ CALIFORNIA

FILED
MAY 15 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V

ANDRES RINCON HERNANDEZ, and
JOSE MANUEL HERNANDEZ CARMONA

(Name and Address of Defendant)

Venue: SAN FRANCISCO, CALIFORNIA

**CRIMINAL COMPLAINT**

CASE NUMBER: 3-07 70279 EDL

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __May 13, 2007__ in the __County of Marin__, in the

__Northern__ District of __California__ defendant(s) did: within the special maritime and territorial jurisdiction of the United States, physically assaulted by striking, beating, and wounding a person, resulting in serious bodily injury.

in violation of Title __18__ Code of Federal Regulations, Section(s) __113(a)(6)__.

I further state that I am a <u>United States National Park Ranger</u> and that this complaint is based on the following
Official Title
facts: **SEE ATTACHED AFFIDAVIT MADE A PART HEREOF**

Continued on the attached sheet and made a part hereof: __X__ Yes ___ No

**PENALTIES:** Maximum Term of Imprisonment of Ten Years; Maximum Fine of $250,000; Maximum term of supervised release of three years, and a Mandatory Special Assessment of $100.

APPROVED AS TO FORM: _____
AUSA: DEREK OWENS

_____
Signature of Complainant: A. Conde

Warrant of Arrest Requested: ___ Yes __X__ No
Bail Amount: __N/A__

Sworn to before me and subscribed in my presence,

May 15, 2006 _____ at _____ San Francisco, California
Date                                                        City and State

**Elizabeth D. Laporte**
**United States Magistrate Judge**
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | ) |
| | ) ss. AFFIDAVIT |
| **NORTHERN DISTRICT OF CALIFORNIA** | ) |

I, Augusto F. Conde, being duly sworn do hereby depose and state as follows:

**Purpose of Affidavit**

1. This affidavit establishes probable cause to arrest Andres Rincon Hernandez ("RINCON HERNANDEZ") and Jose Manuel Hernandez Carmona ("HERNANDEZ CARMONA") for assaulting Jose Luis Alcala ("Alcala"), in violation of Title 18 U.S.C. § 113(a)(6), when they intentionally struck, beat, and kicked Alcala, causing him to lose consciousness, suffer contusions, a broken nose, and a possible concussion. This affidavit is based on personal knowledge, as well as interviews and reviews of documents and records, and does not contain every fact, piece of information or evidence concerning this alleged violation.

**Affiant Background**

2. I am a National Park Service ("NPS") Ranger assigned to law enforcement duties with the National Park Service at Point Reyes National Seashore. I have been employed as a law enforcement officer since 1988. I have been assigned to Point Reyes National Seashore since May 1995, with training from The Federal Law Enforcement Training Center in Glynco, GA. I have also received additional training in interview techniques and I am a native Spanish speaker. Based on my investigation I learned the following:

**Case Facts and Evidence**

3. On May 13, 2007, at approximately 10:45 p.m., NPS Ranger Buehl was advised by the Marin County Sheriff's Office of an assault that had occurred on the "A" Ranch located within Point Reyes National Seashore. The initial call to 911 was at 10:10 p.m. to the Marin County Sheriff's Office communications center. Marin County Sheriff's Deputies Thompson and Thaller, and the Marin County Fire Department responded to the scene. The Sheriff's Deputies and Ranger Buehl attempted to interview witnesses and suspects but were hindered by language barriers because most were Spanish speaking only. The Deputies and Ranger Buehl were able to do a limited interview with two suspects at the "E" ranch including RINCON HERNANDEZ. Ranger Buehl obtained names of witnesses and suspects and advised them he would return for follow up on May 14, 2007.

4. On May 14, 2007, I interviewed the victim, Jose Luis Alcala, who stated that while hosting a birthday party and Mother's Day celebration a fight started outside of his house. Alcala went outside of the house to break up a fight. He told RINCON HERNANDEZ and HERNANDEZ CARMONA to calm down or he would call 911, and was then struck by RINCON HERNANDEZ and

HERNANDEZ CARMONA. Alcala stated the attack was unprovoked and he never threw any punches or took any aggressive actions towards them. He recalls being hit several times, then falling to the ground, and then being kicked. He went to the emergency room on May 13, and saw a doctor on May 14, 2007. He was given a medical prescription and advised not to work until May 19, 2007, pending another medical examination. His injuries have included the loss of consciousness, contusions to his face and head, a broken nose, and a possible concussion.

5. On May 14, 2007, I spoke with Ismael Padilla, brother-in-law of Alcala. The conversation was in Spanish. Padilla stated he went outside the residence on the A Ranch to separate his brother, Victor Padilla, who was in an argument with RINCON HERNANDEZ. As Ismael Padilla was pulling his brother away from the argument, RINCON HERNANDEZ struck Victor. As Ismael Padilla continued to pull his brother away, Alcala stepped out of the residence stating, "Calm down this is a family party for the kids." At that point, RINCON HERNANDEZ and HERNANDEZ CARMONA struck Alcala with their fists, and when Alcala fell to the ground they kicked him on and about the head and back. Padilla also provided a written statement in Spanish.

6. On May 14, 2007, I interviewed Victor Padilla who resides with Alcala. The interview was conducted at the "A" Ranch, where the assault occurred, and was conducted in Spanish. Padilla stated he was involved in an argument with a man named Andres, a/k/a "Mono," who was later identified as RINCON HERNANDEZ. Padilla stated that as he was being pulled away from the argument by his sister and brother when he was struck in the left eye. Alcala then came outside to calm the situation he was also struck.

7. On May 14, 2007, I went to the home of Maragito Loza, uncle of Alcala. Loza stated that he was in Alcala's house when he heard of the assault. He immediately called 911. After placing the call Loza went outside and found Alcala on the ground, unconscious and bleeding from the nose. With the assistance of others he carried the victim into the house and was able to revive the victim by placing a rag dipped in rubbing alcohol under Alcala's nose. Loza also provided a written statement in Spanish.

8. On May 14, 2007, I spoke with Rosalva Alcala, wife of Jose Luis Alcala, who stated she went out to try to separate her brother Victor Padilla and RINCON HERNANDEZ. As Victor Padilla was being led away, RINCON HERNANDEZ struck him in the head with his fist. When Jose Luis Alcala came out, he was knocked to the ground by HERNANDEZ CARMONA. RINCON HERNANDEZ then started to hit Alcala, including putting him in a head-lock and striking his face. HERNANDEZ CARMONA started to hit her husband and then started to kick him. RINCON HERNANDEZ was also kicking the victim. Rosalva provided a written statement in Spanish.

9. On May 14, 2007, I spoke with Victoria Garcia, who observed RINCON HERNANDEZ argue with Padilla, then as Padilla was being led away by his brother, she observed RINCON HERNANDEZ strike Padilla. Alcala then stepped out of the house to calm the situation. Garcia stated RINCON HERNANDEZ started to hit Alcala several times with his fist, and as he fell to the ground, Luis Alberto Hernandez continued hitting Alcala. Garcia then observed several people pull RINCON HERNANDEZ and Luis Alberto Hernandez off Alcala.

10. On May 14, 2007, I spoke with Luis Alberto Hernandez, who is the brother of HERNANDEZ CARMONA. Alberto Hernandez lives with RINCON HERNANDEZ on the "E" ranch, and is a farm worker on the "A" and "E" Ranches. Alberto Hernandez stated he observed RINCON HERNANDEZ strike Victor Padilla, then strike Alcala several times with his fist. RINCON HERNANDEZ started to kick Alcala in the head several times when he went to the ground. Alberto Hernandez stated that RINCON HERNANDEZ was the only assailant. Alberto Hernandez stated he ran up to the assault to prevent RINCON HERNANDEZ from further assaulting the victim.

11. On May 14, 2007, I interviewed the suspect HERNANDEZ CARMONA, who stated he defended himself from Jose Luis Alcala when Alcala stepped out of the house to attack him. HERNANDEZ CARMONA had no marks or injuries or any indication of being assaulted. HERNANDEZ CARMONA stated he struck the Alcala several times by hitting and kicking him, all in self defense. I placed HERNANDEZ CARMONA in custody and advised him of his Miranda rights, he waived his rights. I asked HERNANDEZ CARMONA if he kicked the victim when the victim was on the ground. HERNANDEZ CARMONA stated he did kick him one time in self defense. I asked him "how did the victim pose a threat if he was unconscious on the ground?" HERNANDEZ CARMONA stated he kicked the victim once in the waist while the victim was on the ground.

12. On May 14, 2007, I interviewed suspect RINCON HERNANDEZ, who stated Alcala had insulted him and attacked him and that he was only responding in self defense. RINCON HERNANDEZ said he hit and kicked the victim several times not knowing how many times. I placed the suspect into custody and observed blood on the suspects left shoe. RINCON HERNANDEZ self-identified himself as a gang member, and he has a tattoo on one of his ankles with his nickname "Mono." Several witnesses identified the suspect by his nickname "Mono." RINCON HERNANDEZ invoked his right to remain silent and the interview was terminated.

**Conclusion**

13. Based on the above facts, there is probable cause to believe that on May 13, 2007,

ANDRES RINCON HERNANDEZ and JOSE MANUEL HERNANDEZ CARMONA, did, while in the territorial jurisdiction of the United States, assault by striking, beating, and wounding Jose Luis Alcala, causing serious bodily injury, in violation of 18 USC 113(a)(6).

Under penalty of perjury, I swear that the foregoing is true and correct to the best of my knowledge, information and belief.

Augusto F. Conde
National Park Ranger
Point Reyes National Seashore

SUBSCRIBED AND SWORN BEFORE ME
ON May 15, 2007

THE HONORABLE ELIZABETH D. LAPORTE
United States Magistrate Judge
Northern District of California